UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JARVON CRAIG BROWN,

           Petitioner,           Case No. 1:19-cv-573

v.                                   Honorable Robert J. Jonker

LES PARISH,

           Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After

undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

## Discussion

### I. Background

Petitioner Jarvon Craig Brown is incarcerated with the Michigan Department of Corrections at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. Following a trial in the Genesee County Circuit Court, a jury convicted Petitioner of the following: first-degree premeditated murder, in violation of Mich. Comp. Laws § 750.316(1)(a); felon in possession of a firearm, in violation of Mich. Comp. Laws § 750.224f (felon-in-possession); carrying a concealed weapon, in violation of Mich. Comp. Laws § 750.227 (CCW); and possession of a firearm during the commission of a felony, in violation of Mich. Comp. Laws § 750.227b (felony-firearm). The trial court sentenced Petitioner to life imprisonment for the murder conviction and concurrent prison terms of two to ten years for each of the CCW and felon-in-possession convictions, and a consecutive two-year term of imprisonment for the felony-firearm conviction.

Petitioner appealed his judgment of conviction and sentence to the Michigan appellate courts. The Michigan Court of Appeals affirmed the circuit court's judgment on October 8, 2013. The Michigan Supreme Court denied leave to appeal on September 29, 2015.

Petitioner moved for relief from judgment in the circuit court on December 6, 2016.[1] The circuit court denied the motion and Petitioner appealed that decision. The Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal on March 9, 2018, and October 2, 2018, respectively.

Petitioner filed the initial version of his habeas corpus petition in this Court on July 15, 2019, the date that he placed it in the prison mailing system. (*See* Pet., ECF No. 1, PageID.8.) Under Sixth Circuit precedent, an application for habeas corpus relief is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). After the Court ordered him to file an amended petition on the proper form, he filed his amended petition on or about August 16, 2019. (Am. Pet., ECF No. 5.)

Petitioner asserts the following grounds for relief in his amended petition:

I. The Petitioner contends that he is innocent of the charges against him.

II. The State court failed to use any controlling legal principles to support its opinion and order denying Petitioner's 6.500 motion.

(Am. Pet., PageID.145, 147.) He also contends that he is raising the issues that he raised in his motion for relief from judgment in state court (*see* Am. Pet., PageID.153), which he describes as follows (I will refer to these other issues as Grounds III to VI):

III. [Petitioner] was Denied . . . His Right to a Fair Trial Where the Prosecutor Improperly Showed Photos of the Seven-Year Old Victim

---

[1] *See* Case Register of Actions, Case No. 08-023564-FC, 7th Judicial Circuit Court, available at http://www.co.genesee.mi.us/roaccsinq/ROACase.aspx?CASE=8023564&CASETYP=FC&FILENAME=C072271554 (last visited July 23, 2019).

3

> While Simultaneously Playing The 911 Audiotape to The Jurors Calculated To Create Unfair Sympathy For The Victim and His Family.
>
> IV.    The Trial Court Abused [its] Discretion in Denying The [Petitioner's] Motion For Mistrial Based Upon The Prosecutor's Improper Admission of The 911 Audiotape During Her Closing [R]ebuttal Argument[.]
>
> V.    Trial Counsel Was Ineffective in Failing To Object To The Trial Judge Sending a Note into The Jury[ ]room in Response To The Jury's Request For Clarification on The Difference Between First-Degree Murder and Second-Degree Murder[.]
>
> VI.    [Petitioner] Was Denied . . . His Sixth Amendment Right To Effective Assistance of Counsel During His Direct Appeal Where His Appellate Counsel Failed To Raise Several Meritorious Claims of Error On His Direct Appeal of Right[.]

(*Id.*, PageID.141-142.)

## II.    Statute of Limitations

Petitioner's application for habeas corpus relief is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
>> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction became final on December 28, 2015. Petitioner appealed the state court's judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on September 29, 2015. Petitioner did not petition for a writ of certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida,* 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on December 28, 2015.

Under § 2244(d)(1)(A), Petitioner had one year from December 28, 2015, to file his petition for habeas corpus relief. Petitioner filed his petition on July 15, 2019. Obviously, he filed more than one year after the period of limitations in § 2244(d)(1)(A) began to run.

None of the other dates in § 2244(d)(1) apply to Petitioner. He does not allege that there was an impediment to filing his application under § 2244(d)(1)(B). He does not assert a right newly recognized by the Supreme Court under § 2244(d)(1)(C). And he does not assert any claims based on factual predicates that could not have been discovered until after his judgment of conviction became final. *See* 28 U.S.C. § 2244(d)(1)(D). Indeed, all of his grounds for relief are based on trial errors or on his appellate attorney's failure to raise certain claims on direct appeal. These claims are based on facts that were apparent before his direct appeal was final. Although an attachment to Petitioner's original habeas petition refers to a FBI report that he discovered "approximately seven months prior to March of 2018" (*see* ECF No. 1-1, PageID.103), he does not rely on that report to support any of the claims before the Court. Accordingly, § 2244(d)(1)(A) provides the proper start date for running the statute of limitations. Under that section, Petitioner's application is untimely, unless he can demonstrate that he qualifies for tolling or an exception to the statute of limitations.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v.*

*Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner moved for relief from judgment in state court on December 6, 2016, when there were 22 days remaining in the limitations period. His motion tolled the statute of limitations for as long as it remained pending before the trial court and on appeal. The circuit court denied the motion and the Michigan Supreme Court denied leave to appeal that decision on October 2, 2018. The statute of limitations began to run again after that date. With 22 days remaining in the limitations period, the deadline for filing his habeas petition was October 24, 2018. Petitioner filed his petition almost nine months after that date. Thus, the tolling statute does not make the petition timely.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence v. Florida*, 549 U.S. 327, 335 (2007); *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has not alleged any facts or circumstances that would warrant the application of equitable tolling to this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").

Petitioner apparently believes that the deadline for filing his habeas petition expired before he moved for relief from judgment in state court. In his original petition, he asserted that he sought relief in state court "after [he] had mis[s]ed his filing of his habeas corpus under 28 U.S.C. 2254" "because the time had expired[.]" (Pet., ECF No. 1, PageID.2,8.) In a separate motion to stay this case, Petitioner further asserts that "a sequence of unfortunate events that dealt with segregation" caused him to miss his filing deadline. (ECF No. 2, PageID.123.) Petitioner does not allege any facts regarding these "events" to demonstrate that he was pursuing his rights diligently and that "extraordinary circumstances" prevented him from filing a

timely habeas petition. Indeed, if Petitioner believed that the deadline expired in 2016, it is not clear why he waited until 2019 to file his federal habeas application.

In his motion to stay, Petitioner also asserts that a "jailhouse lawyer" convinced him that it would be in his "best interest" to pursue a motion for relief from judgment in state court after he thought his federal deadline had passed. (ECF No. 2, PageID.123.) But, if Petitioner believed that he needed to pursue a motion for relief from judgment in state court before coming to federal court, it is not clear why he waited about nine months after the state court proceedings were complete before filing his federal habeas petition. This delay suggests that Petitioner has not been pursuing his federal rights diligently. Accordingly, on the record before the Court, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 569 U.S. 383, 391-393 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may

9

consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399-400.

In Ground I of the amended petition, Petitioner asserts that he is innocent of the charges against him. But he offers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 329. He refers to witnesses that he claims could have provided an alibi defense, but he offers no affidavit or other evidence from these witnesses to support his claim. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations in 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

In addition, because Petitioner's habeas petition is time-barred, his request to stay the action (ECF No. 2) should be denied. Petitioner would like to stay the action so that he can properly exhaust additional claims in state court. He contends that his jailhouse lawyer did not present any federal claims in the motion for relief from judgment, and Petitioner would like an opportunity to exhaust those claims before proceeding with his petition. But there is no point in staying an action that cannot proceed because it is untimely. Exhausting additional claims will not change the deadline for filing his petition.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application

for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### III.    Certificate of appealability

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

n/a
n/a
n/a

On the present record, I find that reasonable jurists could not find it debatable whether Petitioner's application was timely. Accordingly, I recommend that a certificate of appealability be denied.

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that the Court deny Petitioner's motion to stay the action (ECF No. 2) and deny a certificate of appealability.

Dated:  September 4, 2019          /s/ Phillip J. Green
                                   PHILLIP J. GREEN
                                   United States Magistrate Judge

### **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).