UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JARVON CRAIG BROWN,

      Petitioner,

v.

      CASE NO. 1:19-CV-573

      HON. ROBERT J. JONKER

LES PARISH,

      Respondent.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 7) and Petitioner's Objection to it (ECF No. 8). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

Petitioner objects to the Magistrate Judge's recommendation that his habeas petition is barred by AEDPA's statute of limitation by averring that he can demonstrate equitable tolling applies. Petitioner further objects to the Magistrate Judge's recommendation that he be denied a certificate

of appealability. The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's Objections. After its review, the Court finds that Magistrate Judge Green's Report and Recommendation is factually sound and legally correct and accordingly adopts its conclusion that Petitioner is not entitled to habeas corpus relief.

Equitable tolling should be applied "sparingly." *See, e.g.*, *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2001); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*. 579 F.3d 581, 588 (6th Cir. 2009). As the Magistrate Judge correctly pointed out, a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner raises two arguments in support of his equitable tolling claim: (1) he was misinformed by his jail house lawyer that he had until one year after the Michigan Supreme Court denied his application for collateral review on October 2, 2018 within which to file his motion and (2) he can demonstrate actual innocence. Petitioner has established neither.

Petitioner's assertion that he is entitled to equitable tolling because he is unschooled in the law fails. A lack of legal knowledge generally does not justify equitable tolling. *See, e.g.*, *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) ("ignorance of the law alone is not sufficient to warrant equitable tolling") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) ; *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) (noting that "even reasonable mistakes of law are not a basis for equitable tolling") (quotation omitted). So Petitioner is not entitled to equitable tolling on the basis

of his lack of legal knowledge. "Moreover, an attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling." *Ford v. Bergh*, No. 2:08-CV-151, 2009 WL 1788395, at *1 (W.D. Mich. June 19, 2009) (collecting cases). "For the same reasons, erroneous advice provided by a "jail house lawyer" is insufficient to warrant equitable tolling." *Id.*

In addition, Petitioner argues that he is entitled to equitable tolling of the statute of limitations because he is actually innocent of the offense. In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931–32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id*. at 1936.

The possibly "new" evidence offered by Petitioner consists of the following: (1) the affidavit of Lakisha Jones about Petitioner's mother's frustrations with Petitioner's trial attorney; (2) a FBI Report dated June 5, 2008; and (3) Petitioner's argument that the trial record failed to establish he intended to kill the victim in his criminal case.

3

The only evidence that arguably might be "new" is the affidavit of Petitioner girlfriend about information that she says she was not asked about during her testimony at Petitioner's criminal trial.[1] But even if the affidavit is new evidence, it does nothing to overcome the weight of the evidence presented during Petitioner's trial. It refers, only in the most nebulous manner, to an asserted alibi witness—Petitioner's mother—who has since passed away. In most relevant part, the affidavit states that the alibi witness had "hope[d] to have her statement written down in a form of an affidavit as to [Petitioner's] physical condition and whereabouts during Sept.-Dec. of 2004, particularly on the day of the alleged crime for which [Petitioner] was in the County Jail[.]". (ECF No. 8-1, PageID.188). This falls far below the rigorous requirements of *Schlup* for Petitioner to demonstrate actual innocence.

Finally, Petitioner objects to the Magistrate's recommendation that a certificate of appealability be denied. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); *see also Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[1] The FPI June 5, 2008 report also fails to satisfy *Schlup*. It is merely a report from an interview of another individual, Mario Campbell. Contrary to Petitioner's self-serving assertion, it does nothing to establish that it is more likely than not that no reasonable juror would have convicted Petitioner.

To make this showing, the petitioner must demonstrate that reasonable jurists could "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983)). When a district court rejects a habeas petition on the merits, the required "substantial showing" is "straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

In this case, Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, he is not entitled to a certificate of appealability.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 8) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Stay (ECF No. 2) is **DENIED**

**IT IS FURTHER ORDERED** that the Amended Petition for Writ of Habeas Corpus (ECF No. 5) is **DENIED** and this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: September 24, 2019          /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   CHIEF UNITED STATES DISTRICT JUDGE